United States District Court
Eastern District of New York                                          1:19-cv-00650

| | |
|---|---|
| Freddie Jamison individually and on behalf of all others similarly situated | |
| Plaintiff | |
| - against - | Complaint |
| Target Corporation | |
| Defendant | |

Plaintiff by attorneys alleges upon information and belief, except for allegations pertaining to plaintiff, which are based on personal knowledge:

1.      Target Corporation ("defendant") manufactures, markets, distributes and sells products identified as "graham crackers" or "honey graham crackers" (the "Products") under its private label brand, Market Pantry.[1]

2.      The Products are packaged in boxes of 408g (14.4 oz) and 816g (28.8 oz) and sold to consumers from defendant's more than 1,800 stores across the country and website.

3.      The relevant front label representations (i) identify the Products as "Graham Crackers," (ii) emphasize "honey" through modified and larger font above "Graham Crackers," "Made with Real Honey" and the flight path of a bee, (iii) depict darker colored crackers pressed against a marshmallow chocolate combination (s'mores), (v) state "No High Fructose Corn Syrup" and (vi) claim "8g Whole Grains" with "per serving" in smaller font.

4.      The presence of honey as a sweetening component is accentuated through the darker yellow color scheme, because consumers associate this color with honey.

---

[1] The Market Pantry brand encompasses numerous grocery items, with total yearly sales exceeding $1 billion.

1



5. The representations of the Products as "graham crackers" is misleading, false, deceptive and unfair because it creates an erroneous impression that graham flour is the predominant or exclusive flour component, as opposed to white flour.

6. This is because the predominant flour in is not graham flour but refined, white flour ("unbleached enriched flour"), indicated on the ingredient list, reproduced below, in miniscule font below the nutrition facts on the side panel.

> ENRICHED FLOUR (WHEAT FLOUR, NIACIN, IRON, THIAMIN MONONITRATE, RIBOFLAVIN, FOLIC ACID), GRAHAM FLOUR (WHOLE GRAIN WHEAT FLOUR), SUGAR, CANOLA AND/OR SOYBEAN AND/OR PALM OIL, HONEY, LEAVENING (BAKING SODA, CALCIUM PHOSPHATE), SALT, NATURAL FLAVOR, SOY LECITHIN, SODIUM SULFITE.

7. Graham flour is a coarse-ground, whole wheat flour, made from the whole grain – the endosperm, germ, and bran.

8. Enriched flour – also known as white flour, flour or refined flour – is made from refined grains, which only contain the endosperm.

9. Consumers increasingly seek products containing whole grains for its numerous health benefits, as it is associated with lower risk of several diseases and conditions, while refined flour is not.

10. Consumers understand that a cracker of the present type is made from one or more types of wheat flour, such as white, brown or whole grain varieties.

11. It is reasonable for consumers expect a product labeled "graham crackers" to contain more graham (whole grain) flour than non-whole wheat flour, because "graham" precedes and modifies "crackers," telling the shopper what they are getting.

12. Dictionaries confirm what reasonable consumers expect when it comes to graham crackers, defining them as "a slightly sweet cracker made of whole wheat flour" and "a semisweet cracker, usually rectangular in shape, made chiefly of whole-wheat flour."[2]

13. The modifying term, "graham" gives the incorrect and misleading impression that the flour used is exclusively or predominantly graham flour (whole grain) instead of the refined flour which actually is the main flour component.

14. Consumers expect products to have common or usual names which describe the food in as simple and direct terms as possible, its basic nature and its characterizing properties or ingredients.

15. When the proportion or amount of a component has a material bearing on price or consumer acceptance, it is deceptive and misleading for the representations to create the erroneous impression that component is present in an amount greater than is actually the case.

---

[2] https://www.dictionary.com/browse/graham-cracker

16. Though the Products are represented and labeled as "Graham Crackers," the representations do not reveal the percentage of the food that is graham flour compared to white flour or enriched flour

17. The Products are not represented simply as "Crackers" with a statement such as "Contains Graham Flour."

18. The Products' name, "graham crackers," is also misleading because the the name is not uniform among all identical or similar products which are designated as "graham crackers," where graham flour is the predominant flour.




19. The practice of passing off refined white flour mixed with small amounts of coarser

bran (whole grain) flour has plagued consumers for over 100 years.[3]

20. While the form of the misleading practice has changed, deceptive tactics regarding the amount of graham flour in products has not.

21. The Products are further misleading because they emphasize the presence of honey – "HONEY Graham Crackers," "made with real honey," a flying bee and darkish yellow colors.

22. Consumers are accustomed to graham crackers being made in the traditional way, with honey as the predominant sweetening agent, as opposed to sugar.

23. However, the Products fail to conform to reasonable consumer expectations because they contain more sugar than honey.

24. The Products contain other representations which are misleading and deceptive.

25. Excluding tax, the Products cost no less than $2.99, a premium price compared to other similar products.

Jurisdiction and Venue

26. Jurisdiction is proper pursuant to 28 U.S.C. § 1332(d)(2).

27. Upon information and belief, the aggregate amount in controversy is more than $5,000,000.00, exclusive of interests and costs.

28. This court has personal jurisdiction over defendant because it conducts and transacts business, contracts to supply and supplies goods within New York.

29. Venue is proper because plaintiff and many class members reside in this District and defendant does business in this District and in New York.

30. A substantial part of events and omissions giving rise to the claims occurred in this

---

[3] J.A. Le Clerc et al., "Graham Flour: A Study of the Physical and Chemical Differences Between Graham Flour and Imitation Graham Flours," USDA Bureau of Chemistry Bulletin (164), Apr. 12, 1913

District.

## Parties

31. Plaintiff is a citizen of Kings County, New York.

32. Defendant is a Minnesota corporation with a principal place of business in Minneapolis, Minnesota.

33. In 2016, 2017 and/or 2018, plaintiff purchased one or more Products for personal consumption, for no less than $2.99 per (14.4 oz) product, excluding tax, within this district and/or State.

34. Plaintiff paid this premium because prior to purchase, plaintiff saw and relied on the misleading representations.

35. Plaintiff would purchase the Products again if there were assurances that the Products' representations were no longer misleading.

## Class Allegations

36. The classes consist of all consumers in the following states: <u>all</u>, <u>New York</u> who purchased any Products with actionable representations during the statutes of limitation.

37. A class action is superior to other methods for fair and efficient adjudication.

38. The class is so numerous that joinder of all members, even if permitted, is impracticable, as there are likely hundreds of thousands of members.

39. Common questions of law or fact predominate and include whether the representations were likely to deceive reasonable consumers and if plaintiff(s) and class members are entitled to damages.

40. Plaintiff(s) claims and the basis for relief are typical to other members because all were subjected to the same representations.

41. Plaintiff(s) is/are an adequate representative because his/her/their interests do not conflict with other members.

42. No individual inquiry is necessary since the focus is only on defendant's practices and the class is definable and ascertainable.

43. Individual actions would risk inconsistent results, be repetitive and are impractical to justify, as the claims are modest.

44. Plaintiff(s) counsel is competent and experienced in complex class action litigation and intends to adequately and fairly protect class members' interests.

45. Plaintiff(s) seeks class-wide injunctive relief because the practices continue.

## New York General Business Law ("GBL") §§ 349 & 350

46. Plaintiff incorporates by references all preceding paragraphs.

47. Defendant's representations are false, unfair, deceptive and misleading

48. Defendant's acts, practices, advertising, labeling, packaging, representations and omissions are not unique to the parties and have a broader impact on the public.

49. Plaintiff desired to purchase products which were as described by defendant and expected by reasonable consumers, given the product type

50. The representations and omissions were relied on by plaintiff and class members, who paid more than they would have, causing damages.

## Negligent Misrepresentation

51. Plaintiff incorporates by references all preceding paragraphs.

52. Defendant misrepresented the composition of the Products.

53. Defendant had a duty to disclose and/or provide non-deceptive labeling of the Products and knew or should have known same were false or misleading.

54. This duty is based, in part, on defendant's representation that the Products are "Graham Crackers" and "Honey Graham Crackers," when graham flour and honey, more desirable flour and sweetening types to consumers, are not the predominant flour and sweetener present.

55. Defendant negligently misrepresented and/or negligently omitted material facts.

56. Plaintiff reasonably and justifiably relied on these negligent misrepresentations and omissions, which served to induce and did induce, the purchase of the Products.

57. Plaintiff and class members would not have purchased the Products or paid as much if the true facts had been known, thereby suffering damages.

<u>Breach of Express Warranty and Implied Warranty of Merchantability</u>

58. Plaintiff incorporates by references all preceding paragraphs.

59. Defendant manufactures, labels and sells Products purporting to be derived predominantly from whole grains (graham flour) as opposed to refined white or enriched flour.

60. The representations as "graham crackers" and "honey graham crackers" warranted to plaintiff and class members that they contained nutrients such as fiber and protein, and honey, in superior amounts to what they actually possessed, based on if they were primarily from whole grains and had more honey than sugar.

61. Defendant warranted such attributes to plaintiff and class members, when this was not truthful and was misleading.

62. Defendant owed a special duty based on its responsibility as one of the largest grocery sellers in the nation.

63. Every week, millions of consumers go to defendant's stores to stock their cupboards with "homestyle" items and expect a brand name like "Market Pantry" to truthfully represent their contents, since the terms harken back to a mythical era of smaller towns, less complicated foods

and honest dealing.

64. The Products did not conform to their affirmations of fact and promises, wholly due to defendant's actions.

65. Plaintiff and class members relied on defendant's claims, paying more than they would have.

### Fraud

66. Plaintiff incorporates by references all preceding paragraphs.

67. Defendant's purpose was to mislead consumers who seek products with more nutrients and higher quality ingredients which confer health benefits.

68. Defendant's intent was to secure economic advantage in the marketplace against competitors.

69. Plaintiff and class members observed and relied on defendant's claims, causing them to pay more than they would have, entitling them to damages.

### Unjust Enrichment

70. Plaintiff incorporates by references all preceding paragraphs.

71. Defendant obtained benefits and monies because the Products were not as represented and expected, to the detriment and impoverishment of plaintiff and class members, who seek restitution and disgorgement of inequitably obtained profits.

### Jury Demand and Prayer for Relief

Plaintiff demands a jury trial on all issues.

  **WHEREFORE,** plaintiff prays for judgment:

1. Declaring this a proper class action, certifying plaintiff(s) as representative and the undersigned as counsel for the class;

2. Entering preliminary and permanent injunctive relief by directing defendant to correct such practices to comply with the law;

3. Awarding monetary damages and interest, including treble and punitive damages, pursuant to the common law and GBL claims;

4. Awarding costs and expenses, including reasonable fees for plaintiffs' attorneys and experts; and

5. Such other and further relief as the Court deems just and proper.

Dated: February 1, 2019

Respectfully submitted,

Sheehan & Associates, P.C.
/s/Spencer Sheehan
Spencer Sheehan (SS-8533)
505 Northern Blvd., Suite 311
Great Neck, NY 11021
(516) 303-0552
spencer@spencersheehan.com

Levin-Epstein & Associates, P.C.
Joshua Levin-Epstein
1 Penn Plaza, Suite 2527
New York, NY 10119
(212) 792-0046

1:19-cv-00650
United States District Court
Eastern District of New York

Freddie Jamison individually and on behalf of all others similarly situated

Plaintiff

- against -

Target Corporation

Defendant

## Complaint

Sheehan & Associates, P.C.
505 Northern Blvd., #311
Great Neck, NY 11021
Tel: (516) 303-0052
Fax: (516) 234-7800

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information, and belief, formed after an inquiry reasonable under the circumstances, the contentions contained in the annexed documents are not frivolous.

Dated: February 1, 2019

/s/ Spencer Sheehan
Spencer Sheehan