ATTORNEYS AT LAW

321 NORTH CLARK STREET
SUITE 2800
CHICAGO, IL 60654
312.832.4500 TEL
312.832.4700 FAX
WWW.FOLEY.COM

WRITER'S DIRECT LINE
312.832.5395
jwallace@foley.com EMAIL

December 30, 2019

**VIA ECF**

The Honorable Nicholas G. Garaufis
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY  11201

      Re:    *Jamison v. Target Corporation*, Case No. 1:19-cv-00650 (NGG)(PK)
            Request for Pre-Motion Conference

Dear Judge Garaufis:

We represent Defendant Target Corporation ("Target") in the above-referenced matter.  We write to request a pre-motion conference and to set forth the principal bases for Target's proposed motion for judgment on the pleadings for failure to state a claim.

According to the Complaint, Plaintiff claims that Target mislabels its Market Pantry graham crackers ("Products") as "graham crackers," because the labeling "creates an erroneous impression that graham flour is the predominant or exclusive flour component, as opposed to white flour."  Compl. § 5. Plaintiff also alleges that the labeling of the honey flavored Products is misleading because it "emphasize[s] the presence of honey – 'Honey Graham Crackers,' 'made with real honey,' a flying bee and darkish yellow colors," when the Products contain more sugar than honey.  Compl. §§ 21 and 23.

Plaintiff asserts claims against Target for consumer fraud and false advertising in violation of New York General Business Law ("GBL") §§ 349 and 350.  Plaintiff also asserts state law claims for negligent misrepresentation, breach of express and implied warranty of merchantability, fraud, and unjust enrichment.  Each of these causes of action fails as a matter of law and judgment on the pleadings should be granted.

In order to state a claim for consumer fraud in violation of GBL §§ 349 and 350, Plaintiff must establish that Target's use of "graham crackers" was "likely to mislead a reasonable consumer acting reasonably under the circumstances."  *Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013).  This burden is not met by the unique views of the plaintiff.  *Cohen v. JPMorgan Chase & Co.*, 498 F. 3d 111, 126 (2d Cir. 2007).  Rather, the Court must "draw on its judicial experience and common sense" to determine whether a plausible claim of deception has been stated.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *see also Daniel v. Mondelez Int'l, Inc.*, 287 F. Supp. 3d 177, 194 (E.D.N.Y. 2018) ("[a] reasonable consumer does not lack common sense").

Under the Food Drug & Cosmetic Act ("FDCA"), the Federal Food and Drug Administration ("FDA") requires that a common or usual name for a food be used on the label.  *See* 21 CFR 101.3(a); 21

BOSTON          JACKSONVILLE     MILWAUKEE      SAN DIEGO        TALLAHASSEE
BRUSSELS        LOS ANGELES      NEW YORK       SAN FRANCISCO    TAMPA
CHICAGO         MADISON          ORLANDO        SHANGHAI         TOKYO
DETROIT         MIAMI            SACRAMENTO     SILICON VALLEY   WASHINGTON, D.C.

4851-3202-6031

Page 2

CFR 102.5; and https://www.fda.gov/downloads/Food/GuidanceRegulation/GuidanceDocumentsRegulatoryInformation/UCM265446.pdf (identifying "vanilla wafers" as an example common name for a product). Here, there are decades of substantial sales for this particular type of product, namely a long, flat, sweet crunchy rectangular cracker, under the common or usual name "graham crackers." Plaintiff nowhere alleges "graham cracker" is not the common or usual name of Defendant's Products. Accordingly, the Products are in compliance with FDA regulations and Plaintiff's claim is preempted by the FDCA.

Further, nothing in the Complaint shows how the allegation that "graham crackers" means graham flour is the predominant or exclusive flour component, as opposed to white flour, is plausible. Plaintiff does not dispute that the Products do in fact contain graham flour and have a graham flavor. Compl. ¶ 6. Plaintiff apparently merely assumes that a substantial number of reasonable consumers acting reasonably would interpret "graham crackers" to have the idiosyncratic meaning which Plaintiff claims to give it, and pleads no facts to show that a substantial number of consumers would even understand that "graham" is the name of a type of whole wheat flour, let alone a type in the Products.

This case is distinguishable from the claims at issue in *Mantikas v. Kellogg Company*, 910 F.3d 633 (2d Cir. 2018). There, the Second Circuit held that the plaintiffs had plausibly alleged that they interpreted the label claim "Made with Whole Grain" to suggest that whole grains were the predominant ingredient in Cheez-It crackers. Here, in contrast, Plaintiff expressly concedes that Defendant's "Products are not represented as . . . 'made with Graham Flour' or 'containing Graham Flour.'" Compl. ¶ 16. Instead, Target simply uses the common or usual name "graham crackers" as an indication of the type of product and its texture, shape, and flavor, a name that has been used for decades to describe similarly formulated products. At best, use of "graham" is ambiguous, as distinguished from a direct claim like "Made with Whole Grain" or "Made with Graham Flour." When faced with an allegedly misleading, but ambiguous, statement, courts have readily found that context matters and can defeat a claim. *Fink*, 714 F3d at 741; *Solak v. Hain Celestial Grp., Inc.*, No. 17-704, 2018 WL 1870474 (N.D.N.Y. Apr. 17, 2018) (dismissing claims that vegetable images on product were deceptive, finding any potential ambiguity about vegetable content was cured by ingredient list); *In re 100% Grated Parmesan Cheese Marketing and Sales Practices Litigation*, 348 F. Supp. 3d 797 (N.D. Ill. 2018) (dismissing claim against '100% Grated Parmesan Cheese' as ambiguous and stating "consumers who interpret ambiguous statements in an unnatural or debatable manner do so unreasonably if an ingredient label would set them straight"). Here, there is no factual context pled that supports Plaintiff's claim and the ingredient list dispels any potential ambiguity by clearly identifying the flour content of the Products. *Id.*

Plaintiff's claim that the use of "honey" is misleading, is also preempted. The FDCA explicitly permits manufacturers to use the common or usual name of a characterizing flavor on the label panels, as well as "direct or indirect representations ... by word, vignette ... or other means" on the label, labeling or advertising of a food. 12 CFR § 101.22(i). Therefore, use of "honey" and depictions regarding honey on the package are permitted and Plaintiff's claim is preempted.

Likewise, Plaintiff's claim that the Products are also misleading because they state "made with real honey" is implausible. Plaintiff concedes that the claim is not literally false, as the Products do in fact contain honey. Moreover, it is unreasonable to assume that any substantial number of consumers would understand "made with real honey" to mean the Products contain more honey than sugar, but to the extent there is any ambiguity in the claim, the ingredient list would cure any confusion. *Watson v. Kellogg Sales Co.*, 1:19-cv-01356, Dkt. No. 30 (S.D.N.Y. Oct. 15, 2019) (dismissing claim "honey" flavored graham cracker product was deceptive because the product also contained sugar); *Reyes v. Crystal*

Page 3

*Farms Refrig. Distrib. Co.*, No. 18-2250, 2019 WL 3409883, at *3 (E.D.N.Y. July 26, 2019) (dismissing claim "made with real butter" was deceptive because the potatoes also contained margarine, finding any confusion dispelled by the ingredient list).

For the above reasons, Plaintiff has not identified any plausible basis for his claims that the Product name "graham crackers" communicates that the Products contain predominantly or exclusively graham flour, as opposed to white flour, or that "made with real honey" means the Products contain more honey than sugar, much less that a substantial number of reasonable consumers would share these idiosyncratic beliefs.

Plaintiff's other claims are also fatally deficient:

- Under the economic loss rule, Plaintiff's negligent misrepresentation claim cannot survive. A plaintiff who has "suffered economic loss, but not personal or property injury" may not recover in tort if non-tort causes of action and remedies are available. *Weisblum v. Prophase Labs, Inc.*, 88 F. Supp. 3d 283, 297 (S.D.N.Y. 2015) (citation and internal quotation marks omitted).
- Plaintiff's unjust enrichment claim is barred by New York law as duplicative of Plaintiff's other claims. *See Corsello v. Verizon N.Y., Inc.*, 18 N.Y.3d 777, 790 (2012) ("An unjust enrichment claim is not available where it simply duplicates, or replaces, a conventional contract or tort claim.")
- Plaintiff's breach of express warranty fails, because Plaintiff does not "provide factual allegations, as opposed to conclusory statements" or allege notice of the claim to Defendant "within a reasonable time after discovering it." *Petrosino v. Stearn's Products, Inc.*, 16-CV-7735 (NSR), 2018 WL 1614349, at *8 (S.D.N.Y. Mar. 30, 2018) (dismissing a retail consumers breach of express warranty claim for failure to give pre-suit notice.)
- Plaintiff's breach of implied warranty claim fails for not pleading that the Products were "unfit to be consumed," *Brumfield v. Trader Joe's Co.*, No. 17-3239, 2018 WL 4168956 (S.D.N.Y. Aug. 30, 2018).
- Plaintiff's claim for fraud fails because Plaintiff fails to allege any facts showing the necessary fraudulent intent. *See Davis v. Hain Celestial Grp., Inc.*, 297 F. Supp. 3d 327, 337 (E.D.N.Y. 2018 Neither simple knowledge that a statement is false, nor a "generalized motive to satisfy consumers' desires [or] increase sales and profits is sufficient to establish fraudulent intent.'") (quoting *In re Frito-Lay N. Am., Inc. All Natural Litig.*, No. 12-2413, 2013 WL 4647512, at *25 (E.D.N.Y. Aug. 29, 2013).
- Plaintiff lacks standing to seek injunctive relief. He has "necessarily become aware of the alleged misrepresentations" and there is "no danger that they will be again be deceived by them." *See Davis*, 297 F. Supp. 3d at 339 (internal citations and quotations omitted).

Under the Supreme Court's decision in *Bristol-Myers Squibb Co. v. Superior Court* non-resident class members cannot establish personal jurisdiction. 137 S. Ct. 1773, 1780-81 (2017) (the court lacked personal jurisdiction over claims of non-resident plaintiffs who did not purchase and were not injured by the subject product in California). As for purchases made outside of New York, courts have made clear that such claims are barred by *Bristol-Myers Squibb. See, e.g., Spratley v. FCA US LLC*, No. 17-62, 2017 WL 4023348, at *7 (N.D.N.Y. Sept. 12, 2017) (applying *Bristol-Myers*, "the Court lacks specific jurisdiction over the out-of-state Plaintiffs' claims" when they "have shown no connection between their claims and Chrysler's contacts with New York").

Page 4

Respectfully submitted,


/s/Jaclyne D. Wallace
Jaclyne D. Wallace


cc: All Counsel of Record (via ECF)