Sheehan & Associates, P.C.

505 Northern Boulevard, Suite 311, Great Neck, NY 11021
tel. 516.303.0552
fax 516.234.7800
spencer@spencersheehan.com

December 31, 2019

District Judge Nicholas G. Garufis
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:  1:19-cv-00650-NGG-PK
     Jamison v. Target Corporation

Dear District Judge Garufis:

This office represents the plaintiff. In accordance with your Honor's Individual Rules ("Individual Rules"), III(A)(2), plaintiff requests leave to amend the complaint pursuant to Fed. R. Civ. P. 15(a)(2).

I. **Plaintiff's Requests Leave of Court to Amend**

The rules governing amendment of a complaint differ depending on when it is sought. Where a plaintiff seeks to amend within 21 days after service of the complaint or defendant's "service of a motion under Rule 12(b), (e), or (f)," Fed. R. Civ. P. 15(a)(1) permits such amendment as a "matter of course." *Kassner v. 2nd Avenue Delicatessen Inc.*, 496 F.3d 229, 242 (2d Cir. 2007) ("Rule 15(a) of the Federal Rules of Civil Procedure provides in the first sentence that "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served.")

In all other circumstances, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); *Attestor Value Master Fund v. REPUBLIC ARGENTINA*, 940 F.3d 825, 833 (2d Cir. 2019) (upholding "Rule 15(a)(2)'s "liberal standard" as "consistent with our strong preference for resolving disputes on the merits.'"). Factors evaluated in considering amendment include "undue delay, bad faith, dilatory motive," undue prejudice and futility. *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015); *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Plaintiff submits that undue delay does not characterize its efforts because this request is made promptly following defendant's request for a pre-motion conference to dismiss the complaint based on Rule 12(c) and the deadline established in the Scheduling Order. ECF No. 23, December 30, 2019 and ECF No. 21, December 6, 2019 (establishing March 25, 2020 as the deadline for joinder of additional parties and amendment of pleadings).

Since plaintiff's request does not affect the Scheduling Order, the "lenient standard under Rule 15(a), which provides leave to amend shall be freely given, must be balanced against the requirement under Rule 16(b) that the Court's scheduling order shall not be modified except upon a showing of good cause." *Holmes v. Grubman*, 568 F.3d 329, 334-35 (2d Cir. 2009); Fed. R. Civ. P. 16(b)(4) (a "schedule may be modified only for good cause and with the judge's consent.");

*State Teachers Retirement Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981) ("Mere delay, however, absent a showing of bad faith or undue prejudice, does not provide a basis for the district court to deny the right to amend.").

There is no evidence of "dilatory motive" as plaintiff has moved promptly to seek leave for amendment. *Am. Med. Ass'n v. United Healthcare Corp.*, No. 00-cv-2800, 2006 WL 3833440, *4 (S.D.N.Y. July 24, 2008). Further, the proposed amended complaint will "not allege a new and distinct set of factual allegations, but rather" buttress the facts in the complaint through, among other items, scientific testing as to the amount of honey contained in the Products. Plaintiff seeks leave to amend only to cure perceived deficiencies in the original complaint as brought to attention by defendant's pre-motion letter. *Champion v. Kirkpatrick*, No. 9:18-CV-1498 (N.D.N.Y. Sept. 17, 2019).

Plaintiff's amendment would not be futile, as there has not "been a repeated failure to cure deficiencies in the pleading by prior amendments." *Wingate v. Correction Officer Gives*, No. 05-cv-1872 (LAK)(DF) (S.D.N.Y. Feb. 13, 2009). In fact, this is the first amendment plaintiff has sought. Further, defendant's citation to *Watson v. Kellogg Sales Company* omits the part of that decision which expressly denied defendant's motion as to the "whole grain" representations. 1:19-cv-01356, Dkt. No. 30 (S.D.N.Y. Oct. 15, 2019). Moreover, the plaintiff in *Watson* did not provide the scientific analysis of the amount of honey which the plaintiff intends to provide here.

Plaintiff's requested amendment would not cause "undue prejudice" to defendant because it would not require defendant "to expend significant additional resources to conduct discovery and prepare for trial" or "significantly delay the resolution of the dispute." *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir.2008) ("Undue prejudice arises when an "amendment [comes] on the eve of trial and would result in new problems of proof."). Here, the Scheduling Order still permits amendment of the pleadings, discovery is in its early stages and the amendment will allow the parties to resolve the case on the merits. *See State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir.1981) ("holding district court abused discretion in not allowing amendment where no trial date had been set, no motion for summary judgment motion had been filed, and the proposed amendment would not involve a great deal of additional discovery").

Plaintiff's amendment will also seek substitution of plaintiff Jamison with a different named plaintiff in this jurisdiction. *Staggers v. Otto Gerdau Company*, 359 F.2d 292 (2d Cir. 1966) (Rule "15(a) may be used to substitute new plaintiffs" citing *Hackner v. Guaranty Trust Co.*, 117 F.2d 95 (2d Cir.), cert. denied, 313 U.S. 559, 61 S.Ct. 835, 85 L.Ed. 1520 (1941) (new plaintiff allowed to come into a case by amendment, although action dismissed as to all original plaintiffs because of lack of jurisdictional amount).

Where a proposed amendment adds a new party, courts have looked to Rule 21, which states that a "party may be added to an action 'at any time, on just terms.'" *Fernandez v. KINRAY, INC.*, No. 13-CV-4938 (ARR) (E.D.N.Y. Dec. 30, 2014) ("The mandate of Rule 15(a) that leave to amend shall be freely given applies to amendments joining additional plaintiffs"); *Sokolski v. Trans Union Corp.*, 178 F.R.D. 393, 396 (E.D.N.Y. 1998) (granting plaintiff leave to amend complaint to name additional plaintiffs and assert a class action); *Junior Gallery, Ltd. v. Neptune Orient Line, Ltd.*, 1997 WL 26293, at *2 (S.D.N.Y. Jan. 22, 1997) ("[I]t is clear that Rule 15(a) may be utilized to add a new plaintiff."); *Andujar v. Rogowski*, 113 F.R.D. 151, 158 (S.D.N.Y. 1986) (allowing amendment of complaint to add plaintiffs who had same cause of action against defendants as original plaintiffs).

## II. Your Honor's Individual Rules for Motions to Amend

The undersigned has not yet sought defendant's consent to amend the complaint. Given the filing of defendant's letter, plaintiff's first priority was to seek leave of Court for amendment since it did not appear defendant would consent to amendment. However, should defendant wish to consent, plaintiff will withdraw the present request.

## III. Conclusion

For the above reasons, Plaintiff requests permission to amend the complaint by a date established at the requested pre-motion conference. Thank you.

Respectfully submitted,

/s/Spencer Sheehan
Spencer Sheehan

Certificate of Service

I certify that on December 31, 2019, I served or emailed the foregoing by the method below to the persons or entities indicated, at their last known address of record (blank where not applicable).

|  | CM/ECF | First-Class Mail | Email |
|---|---|---|---|
| Defendant's Counsel | ☒ | ☐ | ☐ |

/s/ Spencer Sheehan  
Spencer Sheehan